**Ronald SITUNGKIR, Petitioner,**

v.

**Alberto R. GONZALES,** ** **Attorney General, Respondent.**

No. 03–72759.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2005.***

Decided May 4, 2005.

---

** Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to FED. R.APP. P. 43(c)(2).

*** This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Catherine S. Willmore, Esq., Law Office of Catherine Willmore, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA; and Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM [*]

Ronald Situngkir petitions for review of the Board of Immigration Appeals' affirmance of the immigration judge's order of removal. The Board affirmed Situngkir's removal order because it found that he was ineligible for asylum, withholding of removal, and CAT protection. On appeal, Situngkir contends that he is eligible for asylum and withholding of removal because he demonstrated past persecution by showing that demonstrators killed his wife. The government counters by claiming that Situngkir failed to cite the record, filed his asylum application late, and has not shown that the alleged persecution was "on account of" his political views.

■ We strike Situngkir's brief because he completely failed to cite the record. *See* FED. R.APP. P. 28(a)(9)(A) (demanding that appellant provide "citations to the authorities and parts of the record on which the appellant relies"). Furthermore, having independently reviewed the record, we dismiss Situngkir's asylum claim and deny his withholding of removal claim.

## I. ASYLUM

■ Where, as here, the Board adopts the immigration judge's reasoning, we review the immigration judge's decision as if it were the Board's. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995). We lack jurisdiction over Situngkir's asylum claim because he did not file his application within one year of entering the United States. *See* 8 U.S.C. § 1158(a). Furthermore, as the immigration judge found, Situngkir has not shown any cause for his delay. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002) (noting that the court lacked jurisdiction over the Board's determination that no extraordinary circumstances justified the untimely filing). Therefore, we lack jurisdiction over his asylum claim. *See Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001).

## II. WITHHOLDING OF REMOVAL [1]

■ On appeal, Situngkir presents one claim of past persecution—the killing of his wife by Muslim demonstrators in part because he was a member of the Golkar party. Situngkir's claim is unavailing because there is substantial evidence that his wife's tragic death resulted from random violence, not Situngkir's political views. Therefore, the immigration judge properly found that Situngkir had not met his burden of proving that it was "more likely than not" that he would be persecuted on account of his political views if he were

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. On appeal, Situngkir does not revive his CAT claim, and in any event, the record provides no significant evidence of torture.

returned to Indonesia. *Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001) (stating standard).

**PETITION DISMISSED** in part; **DENIED** in part.